## HARRISON v. GREEN.

The half-pilotage allowed by the twenty-third section of the Act of 1856, "To establish Pilots and Pilot Regulations for the Port and Harbor of Benicia and Mare Island," is not a *toll* within the fourth section of article six of the Constitution of this State.

APPEAL from the County Court of San Francisco.

Suit before a Justice of the Peace in San Francisco for one hundred

Harrison *v.* Green.

and nine dollars and twenty cents, as half-pilotage. Plaintiff was a pilot for the ports of Mare Island and Benicia, and offered, his services as pilot to defendant, master of a ship owned in New York, to pilot the ship from San Francisco to Mare Island, whither she went for repairs, and also to pilot her back to San Francisco. The defendant declined to receive said services, and took his ship up and back without a pilot. Plaintiff had judgment for the sum claimed and six dollars and fifty cents costs. Defendant appealed to the County Court, where plaintiff had judgment, amounting, with costs, to one hundred and twenty-one dollars. Defendant appeals to the Supreme Court.

*Wise & Gough,* for Appellant.

*Thompson & Glassell,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

We regard the half-pilotage, the subject of dispute in this case, not as a toll in the sense of the Constitution, but merely as compensation dependent upon the rendering · of certain services and the discharge of certain duties incident to the office of pilot. The twenty-third section of the Act of 1856 (Statutes, 64) is as follows : " That all vessels arriving at or leaving the said port or harbors, shall be liable for the rates of pilotage; when a pilot is employed, or when a vessel is spoken and the services of the pilot are refused,. the pilot first offering his services shall be entitled to receive one-half of the above rates: *provided,* that all vessels in the coasting trade of this State, or between this State and Oregon or Washington Territory, and all vessels engaged in the whaling trade or business that may put into a port of this State for repairs or supplies, shall not be liable to any charge for any pilotage except when the services of a pilot shall have been actually accepted : *provided,* that if the vessel accepting those services be a whaling vessel, she shall only pay one-half of the usual rates." 

This section shows clearly that certain duties are required of the pilots and certain compensation given in consideration therefor. We have no doubt that, for reasons of public policy, the Legislature

had a right to require the rendering of these services, as also to prescribe a compensation for them. But we cannot perceive that this makes the compensation a tax, impost or toll, any more than the compensation of a clerk or notary.

This view makes it unnecessary to consider the other points in the case, since the amount is not within the jurisdiction of this Court.

Judgment affirmed.