TERRITORY, appellant, *v.* INGERSOLL, respondent.

RIGHT OF CHALLENGE TO A GRAND JURY. The right of challenge to the grand jury is a substantial right provided by statute for every one held to answer for an offense which is submitted to the investigation of such jury, and where, from any cause, the accused is deprived of this right without its being waived, expressly or by implication, it is good cause for setting aside an indictment.

J. A. JOHNSTON, district attorney, and E. W. & J. K. TOOLE, for appellant.

The statute provides that no indictment shall be quashed for any defect which does not prejudice the substantial rights of the accused upon the merits. Cod. Sts., 1872, 216, § 171.

Motions of this character are not favored in law. Bishop's Crim. Pr., §§ 452–744; *People* v. *Jewett*, 3 Wend. 314–321.

The rights of the defendant are fully protected by other provisions of the statute. Cod. Sts., 1872, 221, § 206; *People* v. *Beatty*, 14 Cal. 567.

The motion should show affirmatively the existence of some cause for challenge provided by statute. 1 Whart., §§ 472–3; Cod. Sts., 1872, 221, § 207.

The complaint on which defendant was held to answer at the November term of the district court was fatally defective in not alleging the date of the commission of the offense. *Com.* v. *Hutton*, 5 Gray, 89–91; 1 Whart. 264.

He stood in the position of an indifferent third person.

SANDERS & CULLEN and CHUMASERO & CHADWICK, for respondent.

The right of challenge of a grand jury is a substantial right. *People* v. *Romero*, 18 Cal. 94.

It must be exercised or waived. It has not been exercised or expressly waived. Waiver by implication can take place only when intended, or where the act or omission ought, in equity and justice, to estop the party from insisting on his right. 58 Penn. St. 444.

GALBRAITH, J.  This is an appeal from an order by the court below, setting aside the indictment.

The motion to set aside the indictment was made upon several grounds, the principal of which was that the defendant, by the act of the Territory, had not been afforded an opportunity to exercise his right of challenge, as provided by law.  Upon this ground the motion was sustained.  From this action of the court the appeal is taken.

It appears from the record in this case, that during the March term of the district court, the defendant was arrested and brought before the probate judge, upon the charge of grand larceny, and was held over by recognizance for his appearance at the next, being the November term of the district court, and was thereupon discharged from arrest.  At this time the regular grand jury for the March term had been discharged.  After said discharge and before the final adjournment of the court at this term, the district attorney appeared and moved the court that by virtue of section 141 of the Criminal Practice Act, the court should make an order directing the clerk to issue a venire to the sheriff, commanding him to summon another grand jury, forthwith to appear at said term, as a contingency contemplated by said section of the statute had arisen.  In accordance with this motion the order was made, and said grand jury summoned and impaneled accordingly.  Before this grand jury was sworn, the court made the proclamation required by law, notifying all persons held to appear and admitted to bail, to answer for any offense, to then appear and make known their cause of challenge to the jury, or in default thereof, their right would be deemed waived.  No one appearing to exercise the right of challenge, the grand jury was duly sworn, entered upon the discharge of its duty and afterward, and during said March term, returned an indictment against the defendant.

The above motion was then made to set aside this indictment, and for the foregoing reasons was sustained.

These reasons more fully set forth were, that defendant having entered into an undertaking before the probate court to appear to answer any indictment which might be presented against him,

*not* at said March term, but at the next, being the November term of said court, and therefore not having been required to be present in court at said March term, and having not, in fact, been present, and not having heard the above proclamation, and having had no actual notice of the impaneling of the grand jury, was therefore by the act of the Territory deprived of his right of challenge.

All of the foregoing facts appear in the record.

The appellant claims that in deciding this case, we are compelled to choose either one or the other horn of the dilemma, that the defendant, in relation to the March term of the district court, was either in the condition of one bound over to appear at that term, or of one subject to indictment, but not held over for his appearance at any term. In the former case the defendant would have been presumed to have had notice of the impaneling of the said grand jury, and was bound to appear and challenge, if he desired to exercise that right. In the other case his only remedy; where the facts warranted such action, would be, that after the finding of the indictment, he might move to set it aside as is provided in section 206 of the Criminal Practice Act. Although we believe that the defendant, by the terms of section 206 of the Criminal Practice Act, and by the provisions of sections 118, 119, 120, of said act, was included in that class of persons, who are held to answer before indictment, yet we do not think that this inquiry is material to the question to be decided in this case.

The main question is, was or was not the defendant, by the act of the Territory, without notice to him, and without his knowledge, deprived of, or did he by such act lose a substantial right? There can be no doubt that the defendant's privilege of exercising his rights of challenge, either to the panel or to the polls of the grand jury, was a substantial right. It is the general American doctrine that where a defendant is deprived of this right of challenge, where it exists, the indictment is worthless, and a conviction thereon would be invalid. The statute provides for the exercise of this right by the defendant, to the grand jury, and it is as much his privilege to insist upon its exercise, in

respect to this body, as afterward upon the trial to challenge the petit jury or the members thereof. We can see no material difference in the character of the right; or its importance to the defendant, between the right of challenge to the grand or the petit jury.

Already the supreme court of this Territory has held that the deprivation of the defendant, of his right to peremptorily challenge the members of the petit jury, was cause for the reversal of a verdict of "guilty." *United States* v. *Upham,* 2 Mon. 113.

The invoking of the provisions of section 206 of the Criminal Practice Act is in effect an exercise of the right of challenge, and said section is a virtual declaration by the law-making power, of its character as a substantial right. This section provides that an indictment may be set aside for reasons, which by virtue of sections 118, 119, 120 of the Criminal Practice Act, are the subject of challenge to the grand jury, either to the panel or the polls. Certainly the right to exercise a privilege, which the statute itself declares to be ground for setting aside the indictment, when the defendant, by not being held to answer, and therefore, not having had an opportunity to exercise the same, has been deprived thereof, is a substantial right. We are therefore of the opinion that the right of challenge to the grand jury was a substantial right, of which the defendant could not be deprived except by his own act, amounting to an express or implied waiver thereof. *People* v. *Romero,* 18 Cal. 94.

Now did the Territory by its act, as shown by the record, deprive, or cause the defendant to lose this right? The undertaking by the defendant in the probate court was in effect an agreement that he would appear at the November term of the court and answer any indictment presented against him at that term, or he and his sureties would pay to the Territory the amount named therein. It cannot be successfully argued that because no time was alleged in the complaint for the commission of the offense, that the proceedings in the probate court, and with them said undertaking, were therefore void. It was for defendant alone to take advantage of this defect. By failing so to do, waiving a hearing and giving the undertaking, he waived this objection.

The undertaking was sufficient for the accomplishment of its object, viz. : To compel the appearance of the defendant at the November term, and being in effect an agreement for that purpose, it operated as a notice to him that at that term he must appear and exercise his right of challenge to the grand jury which would find the indictment, to answer which this undertaking was given. Even if the defendant had been held to appear at the March term and the first grand jury therefor' had been discharged without finding an indictment against him, we think it doubtful whether or not an indictment, found against him by the second or special grand jury, of the impaneling of which he had no knowledge and no actual notice, would be a valid indictment. Secret tribunals and *ex parte* proceedings, especially in criminal matters, are repugnant to the genius of our institutions. No savor of unfairness should be permitted to taint. No appearance of secrecy should be permitted to cast the faintest suspicion upon the pure character of our legal proceedings, and especially those whose province. it is to aid in the determination of questions between government and citizen, where his good name, his liberty, and perhaps his life may be involved. In this case the defendant had no more opportunity to exercise his right of challenge to the grand jury than if he had not been held to answer at all. And having been in fact previously held to answer, was also by the very terms of section 206 of the Criminal Practice Act (which by the terms thereof is only applicable in cases where the defendant has not been held to answer before indictment), effectually prevented from exercising the remedy provided by that section. We think the act of the Territory, as shown by the record, prevented the exercise of the right of challenge by the defendant as effectually as if he had appeared before the grand jury, and had been expressly prohibited from exercising this right.

The defendant was in fact held over to answer before indictment, and is therefore unable to avail himself of the provisions of section 206 of the Criminal Practice Act. He was also, by the act of the Territory, prevented from exercising his right of challenge to the grand jury as provided by sections 118, 119 and 120

of said act. He has therefore been entirely prevented from exercising his right of challenge to the grand jury as provided by law, which in our view is a substantial right.

Therefore the order setting aside the indictment is affirmed with costs.

*Judgment affirmed.*